USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: February 19, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONNIE BAKER, individually, on behalf of the decedent's children, DJ.B and Shayla Danielle Baker, and on behalf of the Estate of Donnell K. Baker,

                          Plaintiff,

              -against-

NATIONAL FOOTBALL LEAGUE INC./ ENTERPRISES,

                         Defendant.

21-CV-1099 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

      Plaintiff(s), appearing *pro se*, bring this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated February 9, 2021, the Court granted Plaintiff Connie Baker's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

**A.    Service on Defendants**

      The "National Football League, Inc. / Enterprises (NFL)" is listed as the defendant in the caption of the complaint. Because it appears that this refers to two separate entities, the Court directs the Clerk of Court to list the two defendants separately as "National Football League, Inc.," and "NFL Enterprises, LLC."

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants National Football League, Inc., and NFL Enterprises, LLC, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     **Claims on Behalf of Estate and Children**

The complaint appears to assert claims on behalf of the Estate of Donnell K. Baker and on behalf of Donnell Baker's two children. The Court therefore directs the Clerk of Court to list as separate plaintiffs in this action: "The Estate of Donnell K. Baker," "Shayla Danielle Baker," and "DJB."

### 1. Estate of Donnell K. Baker

A non-attorney generally cannot represent an estate. As an exception to that rule, "when the administrat[rix] and sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, she is in fact appearing solely on her own behalf, because she is the only party affected by the disposition of the suit." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)). "Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a legal fiction." *Id.* (citing *Guest*, 603 F.3d at 21).

Thus, in order for the Estate of Donnell K. Baker to proceed as a plaintiff in this action, it must either: (1) be represented by counsel; or (2) Plaintiff Connie Baker must show that she is the administratrix and sole beneficiary of the estate and that the estate has no creditors.

Moreover, the Estate of Donnell K. Baker cannot proceed IFP in this action. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915). The Estate of Donnell K. Baker must therefore pay the $402.00 in filing fees – a $350.00 filing fee and a $52.00 administrative fee – in order to continue as a plaintiff in this action.

Within thirty days of the date of this order, (1) Plaintiff Connie Baker must indicate whether she intends to obtain counsel for the Estate of Donnell K. Baker, or indicate that she is the administratrix and sole beneficiary of the estate and that it has no creditors; and (2) the Estate of Donnell K. Baker must demonstrate that it has paid the $402.00 in filing fees necessary for it to proceed as a plaintiff.

### 2. Decedent's Children

Generally, a non-attorney parent cannot bring an action on behalf of her minor children in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir.

2005). Thus, if the decedent's children are minors, they can only proceed through counsel. If either of the decedent's children is an adult and intends to proceed as a plaintiff in this action, the individual must, within thirty days of this order, sign the attached declaration and submit an IFP application. These documents must be submitted to the Pro Se Intake Unit and be labeled with the docket number 21-CV-1099 (ALC).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff Connie Baker, together with an information package. The Court directs the Clerk of Court to: (1) list "National Football League, Inc.," and "NFL Enterprises, LLC" as separate defendants on the docket and to issue summonses and deliver to the U.S. Marshals Service paperwork to effect service on Defendants National Football League, Inc., and NFL Enterprises, LLC; and (2) list "The Estate of Donnell K. Baker," "Shayla Danielle Baker," and "DJB," as separate plaintiffs in this action.

Within thirty days of this order, Plaintiff Connie Baker must indicate whether: (1) she intends to obtain counsel for the Estate of Donnell K. Baker, or is the administratrix and sole beneficiary of the estate; and (3) she intends to obtain counsel for any minor child to proceed as a plaintiff in this action. The Estate of Donnell K. Baker must demonstrate, within thirty days, that it has paid the $402.00 in fees necessary for it to proceed.

If either Shayla Danielle Baker or "DJB" is not a minor and wishes to proceed as a plaintiff in this action, the individual must, within thirty days of this order, sign a declaration for signature and submit an IFP application. For Plaintiffs' convenience, a declaration form and IFP application are attached to this order.

SO ORDERED.

Dated: February 19, 2021
New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. National Football League, Inc.
   345 Park Avenue
   New York, NY 10154

2. NFL Enterprises, LLC
   280 Park Avenue
   New York, NY 10017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(Full name(s) of the plaintiff or petitioner applying (each person must submit a separate application)

-against-

_____

_____
(Full name(s) of the defendant(s)/respondent(s).)

_____ CV _____ (   ) (   )
(Enter case number and initials of assigned judges, if available; if filing this with your complaint, you will not yet have a case number or assigned judges.)

**APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* ("IFP") (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*    ☐ Yes    ☐ No    (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?   ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?   ☐ Yes   ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment     ☐ Yes     ☐ No
   (b) Rent payments, interest, or dividends              ☐ Yes     ☐ No

|  |  |  |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:*  I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

Dated _____

Signature _____

Name (Last, First, MI) _____

Prison Identification # (if incarcerated) _____

Address _____  City _____  State _____  Zip Code _____

Telephone Number _____

E-mail Address (if available) _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Click here to enter text., | |
|     Choose an item., | Click here to enter text. |
| -against- | |
| Click here to enter text., | DECLARATION |
|     Choose an item.. | |

    I, Click here to enter text., declare under penalty of perjury that the foregoing is true and correct:

    I am a plaintiff in this action and I respectfully submit this declaration in response to the Court's order dated Click here to enter a date.. I have signed this declaration as proof that I have read the complaint in this action and that I am a plaintiff in this action. Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

| | |
|---|---|
| _____ | _____ |
| Dated | Signature |
| _____ | _____ |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| _____    City | _____ State   Zip Code |
| Address | |
| _____ | _____ |
| Telephone Number | E-mail Address (if available) |

1